IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DEREK L. BURTON,** ) | |
| ) | |
| **Petitioner/Defendant,** ) | |
| ) | **CIVIL NO. 09-cv-287-DRH** |
| **vs.** ) | |
| ) | **CRIMINAL NO. 03-cr-30214** |
| **UNITED STATES of AMERICA ,** ) | |
| ) | |
| **Respondent/Plaintiff.** ) | |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

This matter is before the Court on Petitioner Derek Burton's motion for relief pursuant to 28 U.S.C. § 2255. Pursuant to a plea agreement and stipulation of facts, Burton pleaded guilty to three counts involving distribution of crack cocaine and possession of a firearm in connection with that drug trafficking offense. Burton was sentenced to an aggregate of 322 months imprisonment, ten years supervised release, a fine of $1250, and a special assessment of $300. On the Government's motion, Burton's aggregate term of imprisonment was later reduced to 240 months. Burton then filed the instant motion under § 2255.

In this motion, Burton argues that his appointed counsel, William Stiehl, was ineffective in failing to obtain a greater reduction in his sentence during the Rule 35 proceeding. He also asserts that subsequent appointed counsel, Ethan Skaggs, was ineffective in failing to file a notice of appeal following Burton's resentencing.

Burton entered into a plea agreement with the Government in an attempt to benefit himself. In exchange for the benefits he received, he waived his right to a direct appeal and to a collateral

attack under Section 2255. Specifically, the plea agreement provides in relevant part:

> The Defendant is aware that Title 18, Title 28 and other provisions of the United States Code afford every defendant limited rights to contest a conviction and/or sentence. Acknowledging all this, and in exchange for the recommendations and concessions made by the United States in this plea agreement, the Defendant knowingly and voluntarily waives the right to contest any aspect of his conviction and sentence that could be contested under Title 18 or Title 28, or under any other provision of federal law. Defendant knowingly and voluntarily waives the right to seek a pardon, whether before or after his release from custody.

Plea agreement at ¶ II.12 (Doc. 129, criminal case). Moreover, with regard to any resentencing under Rule 35, the plea agreement states that "[t]he Defendant understands that any reduction of sentence, and the extent of that reduction, lies in the discretion of the Court." (*Id*. at ¶ II.10, emphasis in original).

The Seventh Circuit has held that "a waiver of a right to appeal contained within a guilty plea is enforceable," provided the waiver is knowing and voluntary. *United States v. Feichtinger*, 105 F.3d 1188, 1190 (7th Cir.), *cert. denied*, 520 U.S. 1281 (1997); *United States v. Schmidt*, 47 F.3d 188, 190 (7th Cir. 1995). *See also United States v. Wenger*, 58 F.3d 280, 281 (7th Cir.), *cert. denied*, 116 S.Ct. 349 (1995). A waiver will not be enforced, however, if the district judge relied on impermissible facts in sentencing (for example, the defendant's race or gender) or if the judge sentenced the defendant in excess of the statutory maximum sentence for the offense committed. *Feichtinger*, 105 F.3d at 1190.

Similarly, the Seventh Circuit has found that a waiver of Section 2255 relief in a plea agreement is enforceable, and should be treated no differently than the waiver of a direct appeal. *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999). Indeed, the Seventh Circuit has specifically stated that both statutory and constitutional rights can be waived in a plea agreement. *Id.* at 1144; *United States v. Woolley*, 123 F.3d 627, 631-32 (7th Cir. 1997); *Feichtinger*, 105 F.3d

at 1190.  *See also United States v. Woods*, 581 F.3d 531, 534 (7th Cir. 2009); *United States v. Emerson*, 349 F.3d 986, 988 (7th Cir. 2003).

For the waiver to apply, however, Burton's sentence had to be within the maximum provided for in the statute of conviction and the applicable guideline range based upon petitioner's relevant conduct.  The maximum penalty for distribution of more than 50 grams of crack cocaine is life imprisonment. 21 U.S.C. § 841(b)(1)(A)(iii).  Based upon the conduct to which Burton admitted and others attributed to him, his applicable range of imprisonment was 20 years to life imprisonment; Burton ultimately was sentenced to 240 months imprisonment.  There is no basis in the record for avoiding this waiver, as the Court neither relied upon constitutionally impermissible factors in resentencing Burton nor sentenced him above the statutory maximum.

Because the waiver provisions of a plea agreement are enforceable, Burton has waived any right to bring this Section 2255 motion.  Accordingly, Burton's motion pursuant to 28 U.S.C. § 2255 is **DENIED**, and this action is **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

**DATED:   November 23, 2009.**

 /s/    DavidRHerndon
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**